[Filed April 13, 1886.]

## WILLIAM HONEYMAN *v.* OREGON AND CALIFORNIA R. R. CO.

COMMON CARRIER—LIVE-STOCK.—*Quære*, whether in the conveyance of live-stock the duties and liabilities of the common law attach to the carrier, or whether, in the absence of a special contract, the carrier is to be regarded as the bailee or special agent for the transportation of such property, bound only to furnish suitable and safe carriage and motive power, and liable only for defects in these.

SAME—SPECIAL CONTRACT.—Where the carrier does not hold itself out as a common carrier of dogs, nor assume their transportation in that character, but as a matter of accommodation to a passenger who was notified of its rules, permits its servant to receive them in its car, and accept pay for their transportation, such arrangement at most can only charge the carrier as a bailee or private carrier.

SAME—PLEADING—VARIANCE.—Under a complaint charging the defendant as a common carrier, no recovery can be had upon proof of a liability as a private carrier only.

MULTNOMAH COUNTY.    Plaintiff appeals.    Affirmed.

*A. C. Emmons*, for Appellant.

*E. C. Bronaugh*, for Respondent.

LORD, J. This is an action brought by the plaintiff against the defendant as a common carrier to recover damages for the alleged killing of a dog delivered to the defendant to be transported by its railway from Portland to North Yamhill. The complaint is in the usual form against common carriers, and the substance of the allegation is that, in consideration of the sum of two dollars, the defendant received of the plaintiff four dogs, to be safely conveyed by its railway from Portland to North Yamhill, but that the defendant so negligently conducted itself in carrying said dogs that one of them was injured, and thereafter died, to the damage of the plaintiff in the sum of $200. The answer of the defendant admits its incorporation, and that it is a common carrier, but denies all other material allegations of the complaint; and·sets up a separate defense, in substance, that it is not a common carrier of dogs, and that it is and was then contrary to the regulations of the defendant to carry dogs on its train for hire; that the plaintiff was a passenger on the defendant's train, and had in his possession four dogs, which he delivered to the baggage-master, who charged him the said sum as his compensation for taking care of the dogs, but that none was charged or received by the defendant for the carrying or transporting of said dogs, and plaintiff, being so notified, delivered said dogs to the baggage-master under such regulation and understanding. Issue being taken by the reply, a jury was impaneled and sworn, and after hearing the evidence of the plaintiff, the defendant moved the court for a nonsuit, upon the ground that the plaintiff had failed to prove a cause sufficient to be submitted to the jury. The motion for nonsuit was allowed, and judgment was rendered against the plaintiff, from which this appeal was taken.

A common carrier is one who undertakes, for hire or reward, to transport the goods of those who choose to

employ him, from place to place. (Story on Bailments, sec. 495; Lawson on Contracts, secs. 1, 2; Kent's Com. 598; 1 Smith's Lead. Cas. 312.) At common law, a common carrier was bound absolutely to safely convey all goods intrusted to his care. "He hath his hire," says Lord Coke, "and thereby implicitly undertaketh the safe delivery of the goods delivered to him" (Co. Lit. 89 a); and in default of this, the carrier is liable and bound to answer for whatever loss or injury may happen to such goods, unless occasioned by the act of God, the public enemy, or the fault or misconduct of the plaintiff. (1 Smith's Lead. Cas. 315. See also Lawson's Com. Carr., sec. 3.) He is regarded as an insurer of the property committed to his charge, which "results from the law applied to a particular relationship, and not from a special contract to insure." In the celebrated case of *Coggs* v. *Bernard,* Holt, C. J., said: "This is a political establishment, contrived by the policy of the law for the safety of all persons the necessity of whose affairs obliges them to trust these sort of persons, that they may be safe in their way of dealing." (2 Ld. Raym. 918.)

As such, a common carrier's employment is public, and necessarily involves the performance of public duties. His duty to carry safely the goods or property intrusted to his charge is an obligation imposed upon him by law. "This is an action," said Holroyd, J., "against a person who, by the ancient law, held, as it were, a public office, and was bound to the public. This action is founded on the obligation of the law." (*Ansell* v. *Waterhouse,* 2 Chit. 1; *Forward* v. *Pittard,* 1 T. R. 27.) In consequence of this obligation to transport safely which the law imposes, the burden of proof rests on the carrier to relieve or excuse himself from liability whenever a loss or injury happens. It is sufficient for the plaintiff to prove that the defendant received the goods

and failed to deliver them safely. When this is done, a *prima facie* case of negligence or misconduct is established against the defendant. The complaint of the plaintiff charges the defendant in his capacity as a common carrier, and the contention of counsel for the plaintiff is that, upon the facts as disclosed by the record, a *prima facie* case of negligence or misconduct was made out which required an explanation from the defendant to exempt itself from liability. He bases his argument upon the ground that the liability of a common carrier, at common law, for the delivery of live animals, is the same as that for the delivery of other property, unless modified by special agreement.

In some of the states—notably Michigan—the carriers of live-stock are not regarded as common carriers unless they have expressly assumed the responsibilities of common carriers by special contract. (*Michigan Southern & N. I. R. Co.* v. *McDonough*, 21 Mich. 165; *Lake Shore etc. R. Co.* v. *Perkins*, 25 Id. 329; Rorer on Railways, 1300–1309.) "But in most of the states," says Mr. Lawson, "the carriers of living animals are held to be common carriers, and to be insurers to the same extent as if engaged in carrying general merchandise, subject to explanation as to loss or damage caused by animals to themselves and to each other." (Lawson on Contracts, 17, and note of authorities.) There is no doubt that there is some controversy in the judicial mind whether, in the conveyance of live-stock, the duties and liabilities of the common law attach to the carrier, or whether the carrier, in the absence of a special contract, is to be regarded as the bailee or special agent for the transportation of such property, bound only to furnish suitable and safe carriage and motive power, and liable only for defects in these. For the authorities upon this subject, see Wharton on Negligence, secs. 615–621. But for the pur-

pose of this case, we shall assume that when the carrier undertakes the transportation of live-stock, he assumes the obligation to deliver them safely against all contingencies, except such as would excuse the non-delivery of the property, and that unless modified by special contract, his duties and liabilities as common carrier for the delivery of such live-stock are the same as those which the common law attaches to the delivery of other goods or merchandise. (*Kimball* v. *Railroad Co.*, 26 Vt. 247; *Squire* v. *New York Cent. R. Co.*, 98 Mass. 239; *Smith* v. *New Haven & N. R. Co.*, 12 Allen, 531; *Kansas Pac. R'y Co.* v. *Nichols*, 9 Kan. 235.) Yet it is not perceived how, upon the record made in this case, it can avail the plaintiff. The evidence submitted and included in the bill of exceptions does not prove the duty or undertaking as alleged. The facts disclose that the defendant did not hold itself out as a common carrier of dogs, or assume their transportation in that character, but that the defendant expressly refused to accept hire and furnish tickets for their transportation. The evidence shows that when the party having in charge the dogs applied to the ticket agent of the defendant for transportation for himself and dogs, the agent refused tickets for the dogs, and referred him to the baggage-master, who told him: "You know the rules about dogs;" but as an accommodation, consented to take the dogs in his car, and promised to look after them, for which he received two dollars. These circumstances do not show that it was the business of the defendant to carry dogs, or to receive pay for their transportation, but that, as a matter of accommodation to a passenger, it permitted the baggage-master, after the party was notified of the rules, to carry them in his car, and to accept pay for his care of them.

It is true, as Mr. Justice Bradley said: "A common carrier may, undoubtedly, become a private carrier, or

a bailee for hire, when, as a matter of accommodation or special engagement, he undertakes to carry something which it is not his business to carry." (*Railroad Co.* v. *Lockwood,* 17 Wall. 357.) Even in this view, if the arrangement, under the circumstances, made with the baggage-master, may be construed to have any binding effect upon the defendant, the defendant can only be charged as a private carrier, or bailee, who undertook to carry what the facts show was not its business to carry, as a matter of accommodation, under a special arrangement. In such a case, as Isham, J., said: "The relation is changed from a common carrier to a private carrier, and when such is the effect of the special agreement, they are not liable as common carriers; neither can they be declared against as such. It is possible there has been a breach of that express contract, and the plaintiff is, perhaps, entitled to damages for the injuries he has sustained; but the action should have been brought on that contract, or for a breach of duty arising out of it, and not on the duty and obligation imposed on common carriers." (*Kimball* v. *Rutland R. Co.,* 26 Vt. 249.) The complaint must set out the facts of the undertaking or duty as it is. A plaintiff cannot declare upon one undertaking, duty, or obligation, and recover upon another. So that in any view of the facts as presented by this record, there would seem to be no error, and the judgment must be affirmed.